56 F.3d 80
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James B. KING, Director, Office of Personnel Management, Petitioner,
v.
EVERETT H. ROTHSCHILD, Respondent,
and
Merit Systems Protection Board, Respondent.
 No. 429.
 United States Court of Appeals, Federal Circuit.
 May 8, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON PETITION FOR REVIEW
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 The Director of the Office of Personnel Management (OPM) petitions for review of a final decision of the Merit Systems Protection Board. Everett H. Rothschild and the Board oppose.
 
 BACKGROUND
 
 2
 Briefly, the Department of Housing and Urban Development (HUD) demoted and reassigned Rothschild. Rothschild appealed HUD's action to the Board. The Board reversed HUD's demotion and reassignment. As a result of the reversal, Rothschild was entitled to be returned to the status quo ante, including back pay and restoration of all benefits he would have had if the agency's action had not occurred.
 
 
 3
 Rothschild subsequently filed a petition for enforcement of the Board's order that sought compensation for 372 hours of leave without pay and restoration of 88 hours of annual leave. The Administrative Judge (AJ) recommended that the Board enforce the petition. Because Rothschild had used the leave to assist his attorney in the presentation of his case against HUD, the AJ concluded that his unavailability for duty under 5 C.F.R. Sec. 550.805(c)(2) was "indisputably related" to HUD's unwarranted adverse action and did not relieve HUD of its obligation to pay him back pay. HUD filed an objection to the recommendation and OPM filed a notice of intervention. OPM argued that the recommendation constituted an erroneous interpretation of the Back Pay Act, 5 U.S.C. Sec. 5596, and that the regulatory provision cited by the AJ was not applicable because it provided for the computation of back pay rather than entitlement to it.
 
 
 4
 On May 6, 1994, the Board Chairman issued an order declining to rule on the substantive merits of the AJ's recommendation because two of the members of the Board had recused themselves from consideration of the case. The Chairman's order adopted the recommendation of the AJ and stated that the order was not precedential. OPM petitioned this court for review. While that petition was pending, the Board promulgated a regulation that provided that, under the circumstances presented in Rothschild's case (i.e., the recusal of two of the Board's members), the Chairman could direct referral of the matter to an administrative judge for final disposition. 5 C.F.R. Sec. 1200.3(c). This court vacated the Chairman's May 6, 1994 order and remanded the case to the Board for issuance of a decision in conformance with its rules.
 
 
 5
 The Board Chairman ordered the AJ who had issued the recommendation to issue a final decision addressing the issues raised by OPM. On February 17, 1995, the AJ issued the final decision of the Board concerning Rothschild's petition for enforcement. The AJ considered the issues raised by OPM, but restated the conclusions presented in his earlier recommendation that Rothschild was entitled to back pay. The AJ's decision was not precedential. OPM petitions for review.
 
 DISCUSSION
 
 6
 Pursuant to 5 U.S.C. Sec. 7703(d), OPM may seek review of a Board decision when OPM determines, in its discretion, that the Board erred in interpreting a civil service law, rule or regulation, and that the Board's decision will have a substantial impact on the administration of the civil service. This court must independently determine whether an exercise of our jurisdiction is warranted and whether OPM has shown the requisite substantial impact. Devine v. Sutermeister, 724 F.2d 1558, 1562 (Fed. Cir. 1983). When the interpretation of a statutory or regulatory provision is at issue, it is particularly appropriate to grant an OPM petition for review. See, e.g., King v. Hillen, 21 F.3d 1572 (Fed. Cir. 1994); Brook v. Corrado, 999 F.2d 523 (Fed. Cir. 1993); Horner v. Schuck, 843 F.2d 1368 (Fed. Cir. 1988).
 
 
 7
 In its petition, OPM raises two issues. First, it argues that the Board erred when it authorized the AJ to issue the final decision and that the failure of the Board to address OPM's arguments is reviewable by this court. Stated another way, OPM argues that the Board itself was required to issue a precedential order and was not permitted to delegate the responsibility for the final decision to the AJ, whose order cannot be precedential under 5 C.F.R. Sec. 1200.3(d). Second, OPM seeks review of the issue of whether an employee is entitled under the Back Pay Act to compensation for leave without pay and the restoration of annual leave where the employee was adversely affected by an unwarranted agency action, requested and was granted leave, and used that leave to prepare his case against the agency.
 
 
 8
 With respect to the first issue, Rothschild and the Board both oppose review of the Board members' recusals and the Chairman's subsequent failure to address OPM's arguments in a final Board decision. Rothschild and the Board argue (1) that the AJ's order was nonprecedential, (2) that the order thus cannot have a substantial impact on the civil service system, and (3) that in any event the AJ addressed the issues OPM raised in the final decision and that such consideration should be sufficient. In response, OPM argues that the Board may not insulate an order from this court's review by issuing it as nonprecedential and that the "Rule of Necessity" required the members of the Board to refrain from recusing themselves from the case.
 
 
 9
 No party has suggested that the circumstances in this case (i.e., the recusal of two of the Board's members) will recur with any frequency. Thus, OPM has not shown that the recusal and the Board's subsequent failure to issue a precedential decision have the requisite substantial impact on the administration of the civil service. Further, in order for the underlying issue to have a substantial impact, the merits of that issue must be considered in a precedential order by the Board. Because the interpretation of the Back Pay Act was addressed only in a nonprecedential final decision, an exercise of our jurisdiction is not warranted.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) OPM's petition for review is denied.
 
 
 12
 (2) The revised official caption is reflected above.